# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| SEAN E. THOMPSON, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:05CV1320(CDP) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of Sean E. Thompson, an inmate at the Federal Correctional Institution in Greenville, Illinois, to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  Because I conclude that the motion and the files and records of the case conclusively show that Thompson's claim is time barred, I will deny the motion.

### Background

In 1998 Thompson pleaded guilty to being a felon in possession of a firearm, being a felon in possession of ammunition, possession of heroin, and  possession of marijuana.  See United States v. Thompson, No. 97-CR-241(CDP).   On April 24, 1998, he was sentenced to 15 years imprisonment, which was the mandatory

1

minimum sentence on the felon in possession charge, because his prior convictions qualified him for the enhanced sentence under 18 U.S.C. § 924(e). Thompson did not appeal his conviction, nor did he file an earlier § 2255 motion. In fact, he waived the right to do either in his plea agreement. The three prior felonies that qualified as crimes of violence and so brought his case within § 924(e) were: (1) a 1983 conviction for attempted burglary, first degree; (2) a 1984 conviction for murder, second degree; and (3) a 1992 conviction for offering violence by an inmate. Thompson now asserts that he is entitled to § 2255 relief because the "offering violence" statute on which he was convicted in 1992 does not qualify as a crime of violence. He argues that his § 2255 motion is not time barred, even though filed six years after the expiration of the one-year limitations period contained in the statute, because it is based on <u>Shepard v. United States</u>, 125 S.Ct. 1254 (2005), which he asserts is a newly-recognized right that should apply retroactively to his case.

<u>Discussion</u>

Title 28 U.S.C. § 2255 provides that a one-year period of limitations applies to § 2255 motions. In most cases, the one-year period begins on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(1). As noted above, Thompson was sentenced on April 24, 1998. Because he did not  appeal his

conviction or sentence, the one-year period began to run on May 4, 1998. Consequently, he had until May 4, 1999, to file his § 2255 motion. The instant motion was not filed until August 23, 2005, more than six years later.

Thompson argues that this motion falls under § 2255(3), which provides that the limitation period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). He argues that Shepard announced a new rule which is retroactively applicable to cases on collateral review. If he were correct, he would have until March 7, 2006 – one year from the date on which the Supreme Court decided Shepard – to file his initial § 2255 motion. See United States v. Dodd, 125 S. Ct. 2478, 2482 (2005).

In Shepard the Supreme Court held that a court could not look to police reports or other underlying documents to determine whether a prior conviction was a crime of violence under § 924(e). 125 S.Ct 1254 (2005). This decision was a refinement of Taylor v. United States, 495 U.S. 601 (1990), which held that the court should not look to the underlying facts of a prior criminal conviction to determine if it was a crime of violence, but instead should look only to the statutory definitions of the crime and to the charging documents and jury instructions.

Shepard clarified this rule to state that where a prior conviction was based on a guilty plea, the court could also look to other judicial records such as a plea agreement or transcript of the guilty plea to determine if the defendant admitted conduct that would constitute a crime of violence.

In Thompson's case, the 1992 conviction for "offering violence" was based on a statute that could include the non-violent offense of attempting to damage a building. See Mo. Rev. Stat. § 217.385 (revised and rewritten in 1995). Thus, under the rules of Thompson and Shepard, if this issue had been raised at sentencing, the Court could not have used the conviction to enhance Thompson's sentence unless the charging document, plea agreement, or plea colloquy supported the determination that he had pleaded guilty to a crime of violence.

Thompson has two problems with this argument. First, Thompson admitted that the conviction was for a crime of violence by not objecting to the presentence report. Second, Shepard is most likely not retroactive.

With regard to the "offering violence" conviction, Thompson's presentence report stated:

> According to MDC records, the offense occurred on
> March 2, 1991, when the defendant assaulted several staff
> members in the Potosi Correctional Center dining room.

(Presentence report, para. 36). Thompson asserted no objections to the pre-

sentence report, although he was given an opportunity to do so, both before and during sentencing.  Because no objections were raised, no further evidence concerning the offering violence conviction was introduced.

By failing to object to the presentence report, Thompson has admitted the facts set out there, so Shepard is inapplicable to his case.  See United States v. Chauncey, 420 F.3d 864, 878 (8th Cir. 2005)(defendant who failed to object to presentence report cannot raise Shepard claim); United States v. Menteer, 408 F.3d 445, 446 (8th Cir. 2005)(same).

Additionally, although the Eighth Circuit Court of Appeals has not yet determined whether Shepard established a new substantive rule made retroactively applicable to cases on collateral review, most courts that have already considered the issue have concluded that it is not retroactive.  See e.g., Collins v. United States, 2005 WL 2258189 (D. Minn. Sept. 16, 2005); Gutierrez v. United States, 2005 WL 1490361 (D. Minn. June 23, 2005); Caballero-Banda v. United States,  2005 WL 2240226, (W.D. Tex. Sept. 13, 2005); Darco v. United States, 2005 WL 1804475 (E.D. N.Y., July 28, 2005); Olivas-Gutierrez v. United States, 2005 WL 1241871 (W.D. Tex., May 19, 2005);  Langley v. United States, 2005 WL 1114710 (M.D. N.C. May 5, 2005).  The reasoning of these cases is persuasive and is entirely consistent with the Eighth Circuit's retroactivity jurisprudence, as most recently

applied in <u>Never Misses a Shot v. United States</u>, 413 F.3d 781 (8th Cir. 2005)

(holding that <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), does not apply to

cases that were already final when it was decided).  I need not determine this issue,

however, because <u>Shepard</u> does not provide Thompson with a basis for avoiding the

one-year statute of limitations in any event, since he admitted to the conduct

supporting the crime of violence determination.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or

correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DISMISSED**.

A separate Order of Dismissal is filed this same date.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 7th day of October, 2005.